IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2017

## STATE OF TENNESSEE v. NELSON TROGLIN

**Appeal from the Circuit Court for Bledsoe County**
**No. 1998-CR-66     Thomas W. Graham, Judge**

_____

### No. E2017-00701-CCA-R3-CD

_____

Defendant, Nelson Troglin, appeals the Bledsoe County Circuit Court's summary dismissal of his *pro se* motion to correct an illegal sentence for his 2000 conviction for second degree murder, for which he received a sentence of 23 years. Defendant contends the trial court erred by summarily dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Nelson Troglin, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant was convicted of second degree murder and sentenced to 23 years in the Tennessee Department of Correction. The judgment of the trial court was affirmed on direct appeal. *State v. Nelson Troglin*, E2001-00251-CCA-R3-CD, 2002 WL 385800 (Tenn. Crim. App. Mar. 12, 2002), *no perm. app. filed*. Defendant sought post-conviction relief on the grounds that he received the ineffective assistance of counsel at trial and on appeal. The post-conviction court denied relief, and this court affirmed the judgment of the post-conviction court. *Nelson Troglin v. State of Tennessee*, No. E2010-01838-CCA-R3-PC, 2011 WL 4790943 (Tenn. Crim. App. Oct. 11, 2011), *perm. app. denied* (Tenn. Feb. 15, 2012).

On February 21, 2017, Defendant filed the instant "Motion to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily denied the motion. In a written order, the trial court concluded that the following claims by Petitioner were appealable errors that are not cognizable under Rule 36.1: 1) that he was not present at the sentencing hearing; 2) that his sentence was improperly enhanced; 3) and that a mitigating factor was erroneously applied. The trial court also summarily rejected Defendant's claim that a sentence at the presumptive midpoint of twenty years violates *Blakely v. Washington*, 542 U.S. 296 (2004). The trial court concluded that a *Blakely* violation, even if true, would not render the judgment void. Finally, the trial court rejected Defendant's claim that he was illegally sentenced with a release eligibility of 30 percent. The trial court noted that an amended judgment reflects a release eligibility of 100 percent, and the court characterized the error as a clerical error, which may be corrected at any time under Rule 36.

On appeal, Defendant presents the following claims: 1) that the trial court erred in sentencing Defendant without his presence at the sentencing hearing; 2) that the trial court erred by enhancing his sentence based on a pending charge for attempted murder; 3) that the trial court erred in denying him "any mitigating value for his diminished [ ] mental capacity;" 4) that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); and 5) that the trial court erred in imposing a sentence with a 30 percent release eligibility. The State responds that none of Defendant's claims state a colorable ground for relief, and the trial court properly denied Defendant's motion. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served

consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*. A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "colorable claim" is not defined in Rule 36.1; however, our supreme court has held "that the definition of 'colorable claim' in Rule 28, Section 2(H) of the Rules of the Tennessee Supreme Court applies to the term as used in Rule 36.1. Rule 28, section 2(H) provides: "A colorable claim is a claim . . . that if taken as true, in light most favorable to [the defendant], would entitle [the defendant] to relief[.]" "A trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated to determine whether a Rule 36.1 motion sufficiently states a colorable claim." *Wooden*, 478 S.W.3d at 594. "Whether [a] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id*. at 589.

The trial court properly characterized Defendant's first three claims as appealable errors because they merely attack the "methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595. Moreover, this court addressed Defendant's claim that the trial court improperly considered un-adjudicated criminal conduct as a basis for enhancement on direct appeal. *See Troglin*, 2002 WL 385800, at *21-23.

Regarding Defendant's fourth claim, this court has repeatedly held that a *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment. *State v. James Mario Starnes*, No. M2016-02274-CCA-R3-CD, 2018 WL 446202, *1-2 (Tenn. Crim. App. Jan. 17, 2018). Thus, the trial court correctly found that Defendant's claim that his sentence was illegal under *Blakely* did not state a colorable ground for relief under Rule 36.1.

Finally, the trial court rejected Defendant's claim concerning his release eligibility. Specifically, the trial court noted, and the record reflects, the entry of an amended judgment that provided the correct release eligibility of 100 percent for Defendant's conviction. See T.C.A. § 40-35-501(i)(2)(B). The trial court characterized the error as a clerical error, which may be corrected at any time under Rule 36. *See Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).

CONCLUSION

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 3 -